JMB Group, Inc. v. Patisso

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.**

**PRESENT:**
> **RICHARD C. WESLEY,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges*,
> **RICHARD K. EATON,**[*]
> > *Judge.*

---

**Antonio Ferri,**

> *Plaintiff,*

> v.                                        **11-5240**

**Jan M. Berkowitz, Adrienne Berkowitz, Sherry Aiken, Edward Fortin, Edward Grieco, Robert Harris, Edward Wilson, JMB Group, LLC, HDG International Group, Inc.,**

> *Defendants,*

> **and**

---

[*]Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**JMB Group, LLC, Jan M. Berkowitz,**

*Third-Party-Plaintiffs -*
*Appellants,*

v.

**Matteo Patisso,**

*Third-Party-Defendant -*
*Appellee,*

**Liquid Brick, Inc., National Fraud Constable,**

*Third-Party-Defendants.*

---

**FOR APPELLANTS:**  Bruce E. Baldinger, Morristown, NJ.

**FOR APPELLEE:**  Matteo Patisso, *pro se,* Huntington Station, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED**.

Appellants Jan Berkowitz and his company, JMB Group, LLC, through counsel, appeal from the judgment of the district court granting default judgment in their favor, but refusing to award damages or permanent injunctive relief. We assume the parties' familiarity with the case.

Pursuant to New York law, *per se* defamation is defined as, *inter alia*, statements charging plaintiff with a serious crime, or tending to injure him in his trade, business or profession. *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992). "When statements fall within one of these categories, the law presumes that damages will result," and a plaintiff, therefore, need not plead nor prove special damages, or "the loss of something having economic or pecuniary value." *Id.* at 434-35 (internal quotation marks omitted). It was therefore error for the district court to dismiss Appellants' claim of damages as speculative. Appellants may also be able to show specific pecuniary harm, but presumed damages exist precisely because damage to a plaintiff's reputation often "cannot be proved with mathematical accuracy." N.Y. Pattern Jury Instr.--Civil 3:29. Under New York law, fact finders are free to consider the "plaintiff's standing in the community, the nature of defendant's statement made about the plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as the plaintiff, and all of the other facts and circumstances in the case" in order to determine "[f]air compensation," which can "rang[e] from one dollar . . . to a substantial sum." *Id.*

Following a default, the court takes as true the well pleaded allegations in the complaint, but does not assume that the amount prayed for accurately states damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d

3

105, 111 (2d Cir. 1997). We therefore reverse and remand for the court to hold an inquest on damages as necessary. *Id.; see* Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.). Since the district court also denied *sub silentio* Appellants' claim for punitive damages the court should consider in the first instance whether punitive damages are appropriate. *Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479-80 (1993) (discussing the standard for punitive damages in defamation cases).[2]

Finally, we find no abuse of discretion in the district court's denial of Appellants' request for injunctive relief. Constitutional concerns and long tradition make courts often wary of enjoining defamation. *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001); Dan B. Dobbs, Paul T. Hayden and Ellen M. Bublick, The Law of Torts § 576 (2d ed.).[3] The proposed injunction barred not only defamatory statements, but any "negative statements or comments" by Appellee about Appellants or Berkowitz's

---

[2] In light of the partial remand of the case, we need not reach Appellants' argument that the district court erred in failing to memorialize in the judgment a $300 discovery sanction. Appellants are free on remand to ask the district court to consider this argument.

[3] Although courts are wary of enjoining speech, unprotected speech, like defamation, may be enjoined in extraordinary circumstances. *Metro. Opera Ass'n, Inc.*, 239 F.3d at 177. On remand the district court remains free to craft a narrow injunction that applies only to Appellee's unprotected speech, should the court so choose.

family, business associates, or lawyers. The district court reasonably concluded that this language was over-broad and vague.

We have considered the parties' remaining arguments and find them without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART**, **REVERSED IN PART,** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk